DE MAURIAC *v.* DE MAURIAC.

1. DIVORCE—EXTREME CRUELTY.

Where the presence of the husband's mother in the home caused constant friction, his insistence that she remain, although she had sufficient independent means to maintain herself elsewhere, *held*, sufficient to constitute cruelty, justifying a decree of divorce to the wife.

2. SAME—ALIMONY—EXCESSIVE AMOUNT.

Where the husband owned property worth about $13,000, and owed $7,000, and had an annual earning capacity of about $5,000 net, an allowance of $2,200 to the wife, who had no means of her own, was not excessive, in view of his earning capacity, but an award of $20 per week for a period of two years, a part of which was for the support of her minor children by a previous marriage, is reduced to $10 per week, on appeal.

Appeal from Ottawa; Cross (Orien S.), J.    Submitted April 6, 1928.    (Docket No. 68, Calendar No. 33,643.)    Decided July 24, 1928.

Bill by Jean Paul Octave de Mauriac against Golden Cleo de Mauriac for a divorce.    Defendant filed a cross-bill for a divorce.    From a decree for defendant, plaintiff appeals.    Modified and affirmed.

*Diekema, Kollen & Ten Cate,* for defendant.

MCDONALD, J.    The plaintiff has appealed from a decree for divorce entered in favor of the defendant by the circuit court of Ottawa county, Michigan.    The parties were married in December, 1925, and lived together until February, 1927.    They have had no children.    The bill of complaint alleges cruelty.    The

Relations between one spouse and relatives of other as affecting question of desertion or cruelty, see annotation in 13 L. R. A. (N. S.) 222; 34 L. R. A. (N. S.) 758; L. R. A. 1915E, 161; 3 A. L. R. 993.

defendant also alleges cruelty and in a cross-bill asked for a decree on that ground.    On the hearing, the circuit judge dismissed the bill and granted the defendant a decree.

The plaintiff here contends that the defendant's proofs do not justify the decree, but that, if this court should hold otherwise, it ought to make a substantial reduction in the amount of alimony awarded.    No complaint is made as to the dismissal of the bill.

The defendant had three minor children by a previous marriage.    It was agreed that two of these children should become a part of the family and be supported by the plaintiff.    The presence of these children in the home gave rise to some discord, but it never became sufficiently serious to justify an estrangement.    The serious trouble arose over the presence of the plaintiff's mother who, in accordance with a previous arrangement, was to live with them. As has frequently happened under like circumstances, this situation tended to disturb the peace and harmony of the family.    Whether the mother-in-law was altogether responsible for the unpleasant conditions that followed, it is not necessary for us to determine.    The important fact is that the wife reached the conclusion that if the mother continued to reside with them it would result in the ultimate breaking up of the family. She became convinced that either she or her mother-in-law must leave.    In this unhappy state of mind, she sought to persuade her husband to require his mother to establish her home elsewhere.    The husband took the position that the mother should remain, and informed the defendant that if she was unhappy and not satisfied with the mother's presence in the family she could take her children and leave.    In this the plaintiff was wrong.    In other circumstances, his devotion and loyalty to his mother would be commendable, but where the wife's interests intervene,

his first duty is her welfare and happiness.    "For this cause shall a man leave father and mother, and shall cleave to his wife; and they twain shall be one flesh."

The plaintiff's insistence that his mother continue to reside in his family was without reasonable excuse. The reason alleged is that she had loaned him money to the amount of $7,000, but she was fully secured by a deed of his home and had sufficient independent means with which to maintain herself elsewhere. In view of all of the facts and circumstances, the defendant was well within her rights in seeking to eliminate the mother-in-law from her home and the plaintiff's treatment of her in respect thereto constituted cruelty which justified the decree of the court.

It is next contended that the alimony awarded is excessive.

In respect to the property and earnings of the plaintiff, the court made the following finding:

"The plaintiff owns property of the value of about $13,000, and has debts in the sum of $7,000. The plaintiff has earned and is capable of earning an income of $7,000 a year."

In this finding, the court evidently had in mind the plaintiff's gross income. It is claimed by the plaintiff that his average annual net income amounted to $5,000.

In determining the allowance which should be made for the defendant, the court will have in mind that the decree cuts off her inchoate right of dower in the plaintiff's real estate, and that it releases him from his continuing obligation imposed by the marriage contract to support his wife "in sickness and in health during life." She is entitled to something in lieu of dower and for support. She has no means. His tangible property is not large, but, for a young man, he has an excellent earning capacity. In view of

the circumstances, the amount of $2,200 allowed by the circuit court is not excessive.

The court also awarded the defendant $20 per week for a period of two years from and after July 25, 1927. It is evident from the language of the decree that a part of this weekly allowance was for the support of the defendant's two minor children by her previous marriage.    Taking effect from the date of the decree entered in this court, the weekly allowance will be reduced to $10.    With this modification the decree of the circuit court is affirmed, with costs to the defendant including an attorney fee of $100.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.